Harper, J.
delivered the opinion of the Court.
It has been decided in Peck v. Glover, 1 N. & M. 582, that on the escape of a prisoner confined on mesne process, his bond for observing the prison rules is not assignable. This is in conformity to the act of 1788, which makes no mention of the assignment of such bonds. The act provides however, that any prisoner committed “ on execution who shall not render a schedule, according to the tenor of his bond, shall not be longer in-titled to the benefit of the prison rules, but his bond shall be forfeited and assigned to the plaintiff.” P. L. 457. On this part *420 of the act, it was determined in Tollison ads. Miller, State Rep. 389, that a bond given by a prisoner in execution may be assigned.
It is argued now, however, that there are two distinct conditions of the bond; that the prisoner shall observe the prison rules, and that he shall render a schedule, and that it is only in the event of a breach of the latter of these, that the assignment is directed. We think that such a construction would tend to multiply distinctions unnecessarily, contrary to the true meaning of the act. The act seems rather to regard the condition as single. The terms are that the prisoner shall give security “ that he or she will, not only remain within the rules, bounds or limits, but will also within forty days render to the clerk of the court in the district where he or she shall be confined, a schedule, &c.” P.L.456. In common intendment, the escaping from the bounds involves the breach of the other part of the condition, the giving of a schedule. Perhaps a case might be imagined, of a party having regularly rendered his schedule, escaping without being duly discharged : But there would be no motive to such escape, and we can hardly suppose the Legislature to have contemplated such a case. The greater involves the less, and it is to be intended that he who has escaped from the bounds, has failed to give a schedule. This construction is favoured by the eleventh clause of the act, which provides that in case of escape, “ the plaintiff, may either proceed against the defendant to retake him, or against his security; or in case the security should prove deficient, against the sheriff, who shall be ultimately answerable in damages for such escape.” P. L. 457. The clause shews the recourse to the surety on the bond to be the remedy of the plaintiff, and the bond to have been intended for his security, and not that of the sheriff.
In the case of Yates v. Yeadon, 4 M‘C. 18, it was decided, that the sheriff was liable in the first instance foi an escape, without shewing the insufficiency of the sureties; on the ground that the bond was the security of the sheriff and not of the plaintiff, to whom it was not assignable, and who could not bring an action upon it. But, though it does not appear in the report, that was a case in which the prisoner was confined on mesne process. Otherwise the decision would seem to be contrary to the express terms of the eleventh clause of the act. This appears from the reference which is made to the case *421 of The City Council of Charleston v. Price, 1 M‘C. 299, in which the same Judge delivering the opinion of the Court says, “ In the case of Peck v. Glover, the Court held, that the assignee of a bond given to keep the prison bounds under the act of 1788, by a person arrested on mesne process, could not maintain an action in his own name. But that was a bond given for the indemnity of the sheriff in which the party had no interest.” It cannot be said that the plaintiff has no interest in the bond given by a prisoner in custody on execution. We are of opinion that the motion must be granted, and the demurrer over-ruled.
Motion granted.